Exhibit A

ELECTRONICALLY FILED - 2022 Sep 01 7:59 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1004091

STATE OF SOUTH CAROLINA
COUNTY OF CHARLESTON

MELISSA DRAYTON,

    Plaintiff,

  vs.

LOWCOUNTRY COMMUNITY ACTION
AGENCY,

    Defendant.

IN THE COURT OF COMMON PLEAS
FOR THE FOURTEENTH JUDICIAL
CIRCUIT

CASE NO.

**SUMMONS**
(JURY TRIAL REQUESTED)

**TO THE DEFENDANT ABOVE NAMED:**

  YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint on the subscribed, Nauheim Law Office, LLC, P.O. Box 31458, Charleston, South Carolina 29417, within thirty (30) days after the service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

        NAUHEIM LAW OFFICE, LLC

        *s/David A. Nauheim*
        David A. Nauheim
        Attorneys for the Plaintiff
        P.O. Box 31458
Charleston, South Carolina   Charleston, South Carolina 29417
September 1, 2022       (843) 534-5084

ELECTRONICALLY FILED - 2022 Sep 01 7:59 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1004091

STATE OF SOUTH CAROLINA
COUNTY OF CHARLESTON

MELISSA DRAYTON,

        Plaintiff,

vs.

LOWCOUNTRY COMMUNITY ACTION
AGENCY,

        Defendant.

IN THE COURT OF COMMON PLEAS
FOR THE NINTH JUDICIAL CIRCUIT

CASE NO.

**COMPLAINT**
(JURY TRIAL REQUESTED)

        The Plaintiff above named, complaining of the Defendant herein, would respectfully show unto the Court:

### NATURE OF ACTION

        This is an ADA discrimination and FMLA retaliation case in which the Defendant terminated the Plaintiff for taking leave for surgery.

### JURISDICTION AND PARTIES

1. The Defendant, Lowcountry Community Action Agency (LCAA), is a South Carolina nonprofit with its principal place of business in Colleton County, SC.

2. LCAA has at all times relevant has employed 50 or more employees in Colleton County, South Carolina.

3. LCAA is an employer within the scope of the Americans with Disabilities Act and is subject to the obligations and prohibitions of that Act.

4. LCAA is an employer within the meaning of the Family Medical Leave Act and is subject to the obligations and prohibitions of the FMLA.

5. The Plaintiff, Melissa Drayton, is a citizen and resident of Richland County, South

ELECTRONICALLY FILED - 2022 Sep 01 7:59 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1004091

Carolina.

6. All parties and subject matters herein are within the jurisdiction of this Honorable Court.

## FACTS

7. In February 2019, LCAA hired Ms. Drayton as their Finance Director.

8. In or about June 2020, LCAA learned that Ms. Drayton suffered from fibroid tumors.

9. Ms. Drayton's tumors caused her extreme pain during her menstrual cycle and substantially limited her ability to walk, sit for prolonged periods of time and perform manual tasks like household chores.

10. LCAA was aware that Ms. Drayton's condition kept her home bound at times.

11. Ms. Drayton's condition did not prevent her from performing the essential functions of her position Financial Director.

12. LCAA Executive Director Tara Folk-Glover was aware of Ms. Drayton's condition caused her severe pain especially during menstrual cycles and that it substantially limited certain major life activities.

13. LCAA knew or should have known that this condition made Ms. Drayton a Qualified Individual with a Disability under the ADA.

14. On or about July 20, LCAA received an FMLA leave request from Ms. Drayton so she could undergo hysterectomy surgery.

15. On August 5, 2020, Ms. Drayton began FMLA leave for her surgery and subsequent recovery.

16. On September 8, 2020, Ms. Drayton returned from her FMLA leave for full time work.

17. Upon her return, Ms. Drayton was able to perform the essential functions of her position.

18. One day after Ms. Drayton returned, LCAA curtailed her responsibilities.

19. LCAA, near the same time, hired Tameka Shiggs into the finance department

20. Ms. Shiggs had no experience in fund accounting working with OEO and Head Start grants.

21. Over the course of that month, LCAA received several sick day requests from Ms. Drayton for x-rays and other follow-up tests regarding her surgery.

22. Ms. Shiggs told Ms. Drayton that she must send an email to her for approval before taking any leave.

23. LCAA also received a sick leave request from Ms. Drayton for one week of sick leave because she had fluid on her lungs as a result of the surgery.

24. LCAA granted these leave requests.

25. On October 1, LCAA Executive Director Tara Folk-Glover, supervisor of Ms. Drayton, gave her a disciplinary letter that listed six "performance issues."

26. Glover's listed "performance issues" against Ms. Drayton were all items that either did not occur or were outside of Ms. Drayton's control.

27. LCAA did not raise any disciplinary or performance issues with Ms. Drayton until after she had taken FMLA leave for her surgery. LCAA had never recorded any disciplinary issues before for Ms. Drayton.

28. There were no real performance issues and LCAA manufactured the list as pretext to terminating Ms. Drayton.

29. On November 9, 2020, Executive Director Glover terminated Ms. Drayton.

30. LCAA's termination letter said that the termination was "at will" and "without reason."

31. The termination came 63 days after Ms. Drayton returned from FMLA leave.

ELECTRONICALLY FILED - 2022 Sep 01 7:59 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1004091

ELECTRONICALLY FILED - 2022 Sep 01 7:59 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1004091

32. LCAA did not follow its own disciplinary policies with Ms. Drayton before terminating her.

33. LCAA did not issue progressive discipline against Ms. Drayton before terminating her.

34. LCAA did not seek responses from Ms. Drayton to the October 1 letter before terminating her or otherwise get her side of the story.

35. After the termination, LCAA received a grievance letter from Ms. Drayton asking for her job back without conditions.

36. The grievance letter explained that LCAA's termination was disability and FMLA discrimination.

37. LCAA denied Ms. Drayton's request for reinstatement.

38. LCAA did not investigate her allegations of discrimination.

39. LCAA replaced the Ms. Drayton placing someone who is not a individual with a disability into her position.

40. LCAA replaced Ms. Drayton with Ms. Shiggs.

41. Ms. Shiggs is less qualified in financial operations than Ms. Drayton.

42. Ms. Shiggs is not an Individual with a Disability.

43. LCAA did not issue any disciplinary actions against Ms. Drayton until after she contracted her medical condition and ask for the ADA accommodation of medical leave.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

44. On or about January 8, 2021, the Plaintiff timely filed administrative charge for discrimination with the EEOC.

45. In September of 2021, the EEOC transferred the case to the SC Human Affairs

ELECTRONICALLY FILED - 2022 Sep 01 7:59 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1004091

Commission.

46. On or about June 9, 2022, the Plaintiff received a Notice of Right to Sue letters from the SCHAC.

47. The Plaintiff has exhausted administrative remedies, as required, and has now opted to pursue this case in the Court of Common Pleas for the Fourteenth Judicial Circuit.

48. The Plaintiff has filed this suit within the applicable statute of limitations.

**FOR A FIRST CAUSE OF ACTION**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT:**
**WRONGFUL TERMINATION**

49. The Plaintiff re-alleges all foregoing paragraphs as if restated herein verbatim.

50. LCAA is an employer subject to the requirements and prohibitions set forth in the Americans with Disabilities Act and the ADA Amendments Act of 2008, 42 U.S.C. §§ 12101 et seq (collectively, the ADA).

51. The Plaintiff is a Qualified Individual with Disability within the meaning of the ADA.

52. LCAA knew of the Plaintiff's disability.

53. LCAA terminated the Plaintiff.

54. LCAA terminated the Plaintiff for using an ADA accommodation, i.e. taking leave to tend to a disability.

55. LCAA terminated the Plaintiff because of her disability.

56. The termination was disability discrimination in violation of the ADA.

57. LCAA knew, or should have known, of its obligations under the ADA.

58. LCAA knew, or should have known, that its actions violated the ADA and still knowingly committed the violations.

59. As a result of LCAA's knowing and willfully unlawful actions, the Plaintiff has suffered

ELECTRONICALLY FILED - 2022 Sep 01 7:59 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1004091

damages (including but not limited to physical and mental distress, loss of income and benefits, costs and attorney's fees and other actual and punitive damages).

60. The Plaintiff seeks actual and punitive damages, costs and attorney's fees in such amounts as are just and proper as well as other relief available from this Court.

**FOR A SECOND CAUSE OF ACTION**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT:**
**ADA Retaliation**

61. The Plaintiff re-alleges all foregoing paragraphs as if restated herein verbatim.

62. LCAA is an employer subject to the requirements and prohibitions set forth in the Americans with Disabilities Act and the ADA Amendments Act of 2008, 42 U.S.C. §§ 12101 et seq (collectively, the ADA).

63. The Plaintiff is a Qualified Individual with Disability within the meaning of the ADA.

64. LCAA knew of the Plaintiff's disability.

65. The Plaintiff took leave for her ADA disability.

66. LCAA knew that the Plaintiff took leave for her ADA disability.

67. LCAA issued formal disciplinary action against the Plaintiff after she took leave for her ADA disability.

68. LCAA terminated the Plaintiff.

69. LCAA terminated the Plaintiff for using an ADA accommodation, i.e. taking leave to tend to a disability.

70. LCAA terminated the Plaintiff because of her disability.

71. The termination was disability discrimination in violation of the ADA.

72. LCAA knew, or should have known, of its obligations under the ADA.

73. LCAA knew, or should have known, that its actions violated the ADA and still

7

ELECTRONICALLY FILED - 2022 Sep 01 7:59 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1004091

knowingly committed the violations.

74. As a result of LCAA's knowing and willfully unlawful actions, the Plaintiff has suffered damages (including but not limited to physical and mental distress, loss of income and benefits, costs and attorney's fees and other actual and punitive damages).

75. The Plaintiff seeks actual and punitive damages, costs and attorney's fees in such amounts as are just and proper as well as other relief available from this Court.

## FOR A THIRD CAUSE OF ACTION
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT:
### FMLA Retaliation

76. The Plaintiff re-alleges all foregoing paragraphs as if restated herein verbatim.

77. The Plaintiff took FMLA leave.

78. LCAA took adverse action against the Plaintiff.

79. There is a causal connection between the Plaintiff taking FMLA leave and the Defendant's adverse action.

80. LCAA knew or should have known that this was a violation of the FMLA.

81. As a result of LCAA's knowing and willfully unlawful actions, the Plaintiff has suffered damages (including but not limited to physical and mental distress, loss of income and benefits, costs and attorney's fees and other actual and punitive damages).

82. The Plaintiff seeks actual and punitive damages, costs and attorney's fees in such amounts as are just and proper as well as other relief available from this Court.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for judgment against the Defendants for all injuries and damages, punitive damages, fees and costs and equitable remedies set forth

ELECTRONICALLY FILED - 2022 Sep 01 7:59 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1004091

in this complaint and/or allowed, provided for, or permitted by the common law or statutory law in such an amount as shall be determined by the finder of fact under the evidence presented at trial, and for an Order requiring Defendant to bring its policies, procedures, training and supervision in compliance with statutes and constitutional provisions reference herein, and for further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ David A. Nauheim
DAVID A. NAUHEIM
SC Bar Number 102083
NAUHEIM LAW OFFICE, LLC
P.O. Box 31458
Charleston, SC 29417
Tel: 843 534-5084
Fax: 843 350-3572
david@nauheimlaw.com

/s/ Joshua Mangan
JOSHUA MANGAN
SC Bar Number 104786
NAUHEIM LAW OFFICE, LLC
P.O. Box 31458
Charleston, SC 29417
Tel: 842 352-3519
Fax: 843 350-3572
josh@nauheimlaw.com

September 1, 2022



ELECTRONICALLY FILED - 2022 Oct 13 9:52 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1004091

## Proof of Service

STATE OF SOUTH CAROLINA                )
                                                          )
COUNTY OF CHARLESTON                  )
                                                          )
Melissa Drayton,                                )                    **AFFIDAVIT**
                                                          )
            v.                                            )     *Ansued on 11/9/22*
                                                          )     *need to call abt entries*
Lowcountry Community Action Agency,  )   *& the email to*
                                                          )         *confirm*
Docket: 2022-CP-10-04091              )

I, ___Jason E. Wilson_____, swear that the following documents:

1. Summons and Complaint

were personally served upon: Lowcountry Community Action Agency, by providing the
listed documents to Board Chairperson, Sophia T. Henderson. on: 10/10/22 @ 4:35PM.
at: Colleton County Detention Center Courtroom, 22 Klein St. Walterboro, SC 29488. The
documents were served by: __Jason E. Wilson__.

_____
Signature of Affiant

Sworn to and subscribed before me this
10th day of October, 2022

_____
Notary Public for South Carolina
My Commission expires: ___8:24:30___

*[Notary seal: CHRISTINA WILSON, MY COMM. EXPIRES 08/24/2030, NOTARY PUBLIC, STATE OF SOUTH CAROLINA]*

Post Office Box 647, Beaufort, SC 29901 • jason@platinuminvestigationsbft.com • (843) 271-4242
www.platinuminvestigationsbft.com